United States District Court

Eastern District of California

Christopher Wachniuk,

      Petitioner,                 No. Civ. S 04-1623 MCE PAN P

  vs.                              Findings and Recommendations

Gail Lewis,

      Respondent.

-oOo-

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.

Petitioner pleaded guilty to first degree felony-murder in violation of California Penal Code § 187 and was sentenced in 1998 to a term of 25 years' to life imprisonment.

The following facts are not disputed. Petitioner and his co-defendant met the victim at a bar, departed with the victim in their car intending to separate the victim from his money, and drove to a remote place where all three got out. Petitioner hit

the victim in the mouth with his fist.  Co-defendant beat the victim with a tire iron until he was unmoving.  Petitioner took the victim's wallet.  Petitioner's co-defendant ran over the victim with the car.  The victim died.  Both petitioner and the co-defendant gave statements to police that although they intended to obtain the victim's money they did not plan to use force and they attacked him only because he was belligerent and insulting.

Petitioner claims his lawyer, now deceased, provided ineffective assistance.

Petitioner's conviction was final April 3, 1998, 60 days after the time to seek direct review ended.  Cal. Rules of Court, Rule 31(a).  The limitation period expired one year later, April 2, 1999, over two years before petitioner first sought habeas relief in the superior court on October 22, 2001.  State habeas claims were denied by the California Supreme Court September 17, 2003, and petitioner filed this federal action August 11, 2004.

Respondent moved November 19, 2004, to dismiss the petition as barred by the limitation statute.  Petitioner opposed, asserting his delay in seeking habeas relief should be excused because he is "actually innocent" of first degree felony-murder and he is entitled to equitable tolling.

This court may review petitioner's claim, even if untimely, if petitioner can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent.  Bousley v. United States, 523 U.S. 614,

623 (1998), quoting Murray v. Carrier, 477 U.S. 478 (1986). To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Id., quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995).

In Bousley, the federal habeas petitioner contended that his guilty plea was not intelligently made because neither he, his counsel, nor the court correctly understood the essential elements of the charged crime of "using" a firearm in violation of 18 U.S.C. § 924(c)(1). 523 U.S. at 617-18. Petitioner had appealed his sentence but had not challenged the validity of his plea. Id. His petition to modify his sentence under § 2255 was dismissed in the district court and the court of appeal affirmed the order of dismissal. Id. The Supreme Court noted that petitioner's claim that his plea was not voluntarily and intelligently made was procedurally barred because petitioner did not raise it on appeal. Id. The Court then remanded the case for the district court to address whether the procedural bar was excused based on actual innocence, stating:

> It is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficience. See Sawyer v. Whitley, 505 U.S. 333, 339 . . . (1992). In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy . . . In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges.

<u>Bousley</u>, 523 U.S. at 623-24.

Petitioner contends he is "actually innocent" of first-degree felony murder because he intended to commit larceny, not the predicate offense of robbery as required under California law. Penal Code §§ 190.2 (c) & (d). He argues he and co-defendant concocted only a nebulous plan to separate the victim from his money, but never intended to do so by force or fear. Plaintiff claims they were going to commit larceny by trick, viz., setting up a phony drug deal, and force was used only when the victim picked a fight.

Both petitioner and his co-defendant admitted planning to "roll" or "rip off" the victim when they enticed him into a car under the pretext of taking him some place where he could buy marijuana. They took him to a remote place where all three got out of the car. No one else was present. It is entirely implausible they drove him to an isolated place for any purpose but robbery.

After the victim was unmoving petitioner took his wallet from his pocket and fled with his accomplice, with whom he divided the victim's money. Petitioner told an interviewing law enforcement officer "we shouldn't have murdered anyone." Petitioner and his co-defendant contradicted one another when they described what happened. No reasonable juror would have believed petitioner did not intend to rob the victim and was not guilty of robbery felony-murder.

Petitioner further asserts he is entitled to equitable

1 tolling, but he does not meet his burden to establish it.  See
2 Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (once notified
3 habeas petition is subject to dismissal as untimely under the
4 limitations period and the record so indicates, petitioner bears
5 the burden of establishing statutory or equitable tolling); see
6 also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003)
7 (petitioner must show "extraordinary circumstances" beyond his
8 control caused the petition's untimeliness).

9     Petitioner contends counsel was lax in failing, before
10 counsel's death, to petition the state court for habeas relief
11 and petitioner was delayed because he had problems obtaining his
12 client file.  Petitioner asserts "counsel expressed . . . his
13 intention to pursue . . . some manner of post-conviction attack"
14 and petitioner made "repeated and futile efforts" to communicate
15 with counsel before his death.  Petition at 33.  But petitioner
16 provides neither his own declaration or other evidence to support
17 his allegations; the only thing offered in support is a March 20,
18 2001, letter from the State Bar of California referring to a
19 letter of petitioner's dated January 28, 2001, letter, forwarding
20 his file, and stating that counsel was deceased.  Petitioner
21 offers nothing to support a finding by this court that he
22 reasonably believed counsel would file a timely petition or that
23 petitioner acted reasonably promptly when he understood that
24 expectation would be disappointed.   He does not meet the due
25 diligence requirement for statutory tolling, or the
26 "extraordinary circumstances beyond petitioner's control"

1  requirement for equitable tolling for any of the period before
2  April of 1999.  Nor does petitioner offer anything to justify the
3  over-six-month delay after he received his client file March 20,
4  2001, and before he signed his initial state habeas petition
5  October 14, 2001.
6       Petitioner asserts prison policies limiting law library
7  access and denying inmates legal assistance entitle him to
8  equitable tolling.  But petitioner fails to offer any specific
9  explanation why these alleged deprivations caused his to file an
10 untimely petition.  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th
11 Cir. 2003).  No library materials or legal assistance were
12 necessary for plaintiff to explain he lacked the intent to take
13 the victim's money by force.  Cf. Whalem/Hunt v. Early, 233 F.3d
14 1146, 1148 (9th Cir. 2000) (acknowledging that prison law
15 library's deficiencies might, in some circumstances, amount to an
16 "impediment" justifying equitable tolling).  The state petition
17 was over two years late and petitioner fails to show he is
18 entitled to tolling for any part of that period.  Compare Lott v.
19 Mueller, 304 F.3d 918 (9th Cir. 2002) (remanding for evidentiary
20 hearing concerning timeliness of petition filed only seven days
21 late, in light of petitioner's declaration justifying 82 days of
22 tolling).  Nor does petitioner address why he waited ten months
23 before coming to this court with his exhausted claims.  See Lott,
24 304 F.3d at 924 (considering whether the few days left after
25 removal of impediment made it literally impossible for pro se
26 prisoner to file habeas petition timely).

1  Petitioner has not established he falls within the actual
2 innocence exception or that he is entitled to statutory or
3 equitable tolling of the limitation period.
4  Accordingly, the court hereby recommends respondent's
5 November 19, 2004, motion to dismiss be granted and this action
6 be dismissed as untimely.
7  Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
8 findings and recommendations are submitted to the United States
9 District Judge assigned to this case.  Written objections may be
10 filed within 20 days of service of these findings and
11 recommendations.  The document should be captioned "Objections to
12 Magistrate Judge's Findings and Recommendations."  The district
13 judge may accept, reject, or modify these findings and
14 recommendations in whole or in part.
15  Dated:  July 12, 2005.

                /s/ Peter A. Nowinski
                PETER A. NOWINSKI
                Magistrate Judge